IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 25, 2007

# STATE OF TENNESSEE v. KEITH D. WILLIAMS

**Appeal from the Criminal Court for Davidson County**
**Nos. 2005-C-1660 and 2005-C-2147     Cheryl Blackburn, Judge**

---

**No. M2006-01830-CCA-R3-CD - Filed June 11, 2007**

---

The defendant, Keith D. Williams, entered guilty pleas in the Criminal Court of Davidson County to sale of cocaine in an amount less that .5 grams in case number 2005-C-1660 and to sale of cocaine in an amount less than .5 grams in case number 2005-C-2147. He was sentenced to six years as a Range II, multiple offender for each count, to be served consecutively, for a total effective sentence of twelve years. The trial court ordered split confinement with the bulk of the defendant's sentences to be served in the community corrections program. The defendant served a mere eleven days of his community corrections sentence when he was charged with violating the terms of his community corrections sentence. After a full hearing, the trial court found that the defendant had violated the terms of his community corrections sentence, revoked the sentence and resentenced the defendant to a term of eighteen years as a Range II, multiple offender to be served in the custody of the Department of Corrections. The defendant now appeals the revocation and resentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH, and NORMA MCGEE OGLE, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, attorney for appellant, Keith D. Williams.

Robert E. Cooper, Jr., Attorney General & Reporter; Preston Shipp, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

The defendant was indicted for two counts of selling less than .5 grams of cocaine on separate occasions in May 2005. He entered guilty pleas to both indictments on October 27, 2005, and, after the service of almost one year in custody, was released April 27, 2006 to serve the remainder of his sentence in the community corrections program.[1] On May 8, 2006, the defendant was charged with possession of cocaine with intent to sell. The trial court issued a revocation warrant on May 19, 2006, based upon this alleged violation. At the revocation hearing, the trial court found that a violation had occurred, revoked the community corrections sentences, and increased each sentence to nine years to be served consecutively in the custody of the Department of Corrections. On appeal, the defendant alleges that the trial court abused its discretion in revoking his community corrections sentence because the evidence presented at the revocation hearing was insufficient to support the revocation, the trial court considered inadmissible hearsay evidence and the trial court should not have increased the length of the sentences. The state contends that the trial court appropriately revoked and resentenced the defendant.

The trial court held an evidentiary hearing on August 11, 2006, and heard proof regarding the defendant's arrest for possession of cocaine with the intent to sell. Officer David Lane with the Metropolitan Nashville Police Department testified that he was taking part in an undercover investigation with a confidential informant on May 8, 2006, when he encountered the defendant. He stated that the confidential informant was searched and found to be free of any money or contraband, wired for surveillance and transported to a well known drug location. He testified that the confidential informant approached an individual about purchasing drugs who took her to a man, later identified as the defendant. Officer Lane then observed the confidential informant conducting a hand-to-hand transaction with the defendant. The defendant's arrest followed immediately after the confidential informant signaled the completion of the transaction. The defendant was found in possession of the marked "buy money" and the confidential informant was in possession of a small amount of cocaine. Based upon this evidence, the trial court found that the defendant violated his community corrections sentence and revoked his community corrections sentence.

Upon finding sufficient proof that a violation occurred, the trial court began a resentencing hearing. The state offered the presentence report as its only evidence at resentencing. The defendant testified that he was released from confinement on April 27, 2006, and admitted that he was arrested on May 8. He explained that he "was just at the wrong place at the wrong time doing the same thing that I've been doing." The thirty-one-year-old defendant reported that he began using crack cocaine at the age of nineteen and worked for drug dealers in exchange for drugs to support his apparent addiction. He admitted that he had a long history of convictions, including convictions for offenses involving cocaine. He stated that he had violated probation in the past and had also escaped from

_____

[1] The judgments reflect that the defendant was to be released to community corrections on March 16, 2006. However, he actually was not released until April 27, 2006. Eleven days later he was arrested again, leading to the filing of the revocation warrant at issue in this appeal.

-2-

custody while on work release. The defendant's mother, Susan Williams, testified that the defendant has lived with her all of his life. She stated that he had never undergone drug treatment but felt that was what he needed. She told the trial court that her son is a good person who needs help.

At the conclusion of the hearing, the trial court found that the defendant qualified as a Range II, multiple offender based upon his history of twenty-nine misdemeanor convictions and three felony convictions prior to the commission of the two felonies that brought him before the court for resentencing. In arriving at the length of sentence, the trial court found that the defendant had a history of criminal convictions in addition to those necessary to establish his sentencing range, stating that enhancement factor (1) "is the strong major factor in this case." Tenn. Code. Ann. § 40-35-114(1). The trial court also found applicable that the defendant was the leader in the commission of the offenses. Tenn. Code Ann. § 40-35-114(2). Based upon his failed attempts at probation in the late 1990's, the trial court found applicable that the defendant failed to comply with conditions of release. Tenn. Code Ann. § 40-35-114(8). Relative to the present offenses, the trial court also found applicable that the defendant committed the second offense while on bond for the first offense. Tenn. Code. Ann. § 40-35-114(13). As mitigation, the trial court found that the defendant's conduct neither caused nor threatened serious bodily injury. The trial court imposed nine year sentences in each case and ordered them to be served consecutively in the custody of the Department of Corrections. [2] In denying alternative sentencing, the trial court stated "[w]e tried that. He's been a miserable failure on every form of release."

## ANALYSIS

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation occurred. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. In reviewing a trial court's findings, this court must examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Relative to the trial court's revocation of the defendant's community corrections sentence, the defendant argues that the trial court relied upon inadmissible hearsay evidence to establish that the defendant had sold or possessed cocaine because Officer Lane testified regarding statements made by the confidential informant and another officer who found the "buy money" on the defendant. We disagree. Officer Lane testified regarding his own observation of the defendant's involvement in a hand-to-hand transaction with the confidential informant leading to his arrest where he was found to be in possession of the "buy money," and the confidential informant was found to be in possession of a small quantity of cocaine. Although Officer Lane referenced statements made

---

[2] We note that the defendant executed a waiver of his right to have a jury determine enhancement factors for sentencing purposes when he entered his guilty pleas on October 27, 2006.

by the nontestifying confidential informant and the other officer, Officer Lane, himself, witnessed the recovery of the cocaine and "buy money" from the confidential informant and defendant when arresting the defendant and testified to these facts. Furthermore, we note that the rules of evidence do not apply as strictly at sentencing proceedings and that reliable hearsay is generally admissible as long as the defendant is given an opportunity to rebut the evidence. See Tenn. Code. Ann. § 40-35-209(b). The defendant did not attempt to rebut the evidence, but instead admitted to the offense and offered his addiction as explanation for his actions, stating that:

> I didn't have my mind right. I can't sugar coat nothing, I just didn't have my mind right. I didn't have the mentality to go out there and do the right thing. I just wanted to go out there and use drugs again, I guess.

Therefore, we conclude that evidence does not preponderate against the trial court's finding that a violation occurred. The record clearly establishes that the defendant violated the conditions of his release when he garnered the additional charge of possession of cocaine with intent to sell just days after being released into the community corrections program. We conclude that the trial court exercised conscientious and intelligent judgment and did not abuse its discretion in revoking the community corrections sentence.

Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence and order the original sentence to be served in confinement or the trial court may resentence a defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum provided for the offense committed with credit for time served while on community corrections. Tenn. Code Ann. § 40-36-106(e)(4). However, when the trial court chooses to resentence a defendant to a more severe sentence, it may only do so after conducting a new sentencing hearing in accordance with the Sentencing Act of 1989. State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998). The trial court may not arbitrarily increase the length of the sentence and must state on the record the reasons for the new sentence. State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996).

When reviewing the length and manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a de novo review, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused on his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210. The party challenging the imposition of sentence has the burden to show that the sentence imposed was erroneous. Tenn. Code Ann. § 40-35-401.

-4-

Pursuant to our standards of de novo review, we conclude that the trial court's determination will be afforded a presumption of correctness based upon the trial court's detailed findings and considerations regarding the length of sentence. We agree that the defendant's history of criminal convictions should be given substantial weight in arriving at the appropriate length of his sentence. The repeated failed attempts at rehabilitation as evidenced by the commission of additional offenses while on alternative sentencing or bond also support the imposition of nine year sentences in this case. Therefore, we conclude that the record fully supports the trial court's imposition of consecutive nine year sentences for the convicted offenses.

## CONCLUSION

In accordance with the foregoing, we conclude that the trial court did not abuse its discretion in revoking the defendant's community corrections sentences and increasing the length of his sentences to nine years each to be served consecutively in the custody of the Department of Corrections, for a total effective sentence of eighteen years. Therefore, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE