IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9709-CC-00416 |
| | ) | |
| Appellee, | ) | |
| | ) | Giles County |
| VS. | ) | |
| | ) | Honorable Jim T. Hamilton, Judge |
| BOBBY CROOK, | ) | |
| | ) | (Revocation of community |
| Appellant. | ) | corrections) |
| | ) | |

FOR THE APPELLANT:

Hershell D. Koger
131 N. 1st Street
P.O. Box 1148
Pulaski, TN 38478

FOR THE APPELLEE:

John Knox Walkup
Attorney General and Reporter
          and
Karen M. Yacuzzo
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

T. Michael Bottoms
District Attorney General
          and
Richard H. Dunavant
Assistant District Attorney General
Giles County Courthouse
P.O. Box 304
Pulaski, TN 38478-0304

OPINION FILED: _____

REMANDED FOR RESENTENCING

Joseph M. Tipton,
Judge

**O P I N I O N**

The defendant, Bobby Crook, appeals as of right from the judgment of the trial court resentencing him to consecutive ten-year sentences upon revoking his community corrections sentences. He was originally sentenced to concurrent ten-year terms. The defendant contends that the trial court erroneously imposed the consecutive sentences without first conducting a sentencing hearing and making findings that consecutive sentences were appropriate. The judgment of the trial court revoking the defendant's community corrections sentences is affirmed. However, the consecutive sentences are vacated, and this cause is remanded for a new sentencing hearing.

The defendant was originally indicted for especially aggravated kidnapping and aggravated rape, Class A felonies. He entered into a plea agreement with the state and pled guilty to facilitation of especially aggravated kidnapping and facilitation of aggravated rape, Class B felonies. As part of the agreement, the defendant was sentenced as a Range I, standard offender, to concurrent ten-year sentences to be served on community corrections.[1] The negotiated plea provided that he would be resentenced to consecutive ten-year terms if he were later judged to have violated the terms of his alternative sentences. The trial court later determined that he violated the terms of the community corrections sentences and, without conducting a sentencing hearing or making findings to support consecutive sentences, imposed the consecutive sentences pursuant to the parties' original plea agreement.

---

[1] The propriety of sentencing the defendant to community corrections in view of the nature of these offenses is not an issue before this court in this appeal.

## I.

Initially, we note that a trial court has the power, upon revocation of a community corrections sentence, to resentence a defendant to a period of incarceration up to the maximum for the offense originally committed, with credit for time already served in the community corrections program. T. C. A. § 40-36-106(e)(4). A trial court may impose a sentence greater than the original sentence without offending the Double Jeopardy Clause of either the United States Constitution or Tennessee Constitution. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990).

The purpose of allowing the trial court to impose a new sentence is that the nature, circumstances and frequency of the defendant's violations may "warrant a different type of alternative sentence or incarceration." State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996). The trial court may not, however, use the statute for the sole purpose of punishing a defendant for violating the community corrections sentence. Id.

## II.

The Tennessee Criminal Sentencing Reform Act and the Community Corrections Act are in pari materia. State v. Taylor, 744 S.W.2d 919, 920 (Tenn. Crim. App. 1987). Consequently, when a trial court opts to resentence a defendant to a sentence more severe than the original, the trial court must conduct a sentencing hearing pursuant to the principles of the Sentencing Reform Act. State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998); Ervin, 939 S.W.2d at 583; State v. Keith F. Batts, No. 01C01-9210-CR-00326, Davidson County, slip op. at 5 (Tenn. Crim. App. Feb. 18, 1993).

It is mandatory for the trial court to state on the record the reasons for imposing a new sentence. State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987). The Sentencing Reform Act provides that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." T. C. A. § 40-35-209(c).

The purpose of the statutory requirements is to ensure that a proper record is made for appellate review. Ervin, 939 S.W.2d at 584. The fact that this court is required to make a de novo review does not in any way diminish the trial court's statutory duty to comply with the guidelines and mandates of the Sentencing Reform Act. Gauldin, 737 S.W.2d at 798.

### III.

We believe the instant case is similar to State v. Timothy Lemont Wade, No. 01C01-9303-CR-00092, Davidson County (Tenn. Crim. App. Nov. 24, 1993), and Batts. In each case, the trial court informed the defendant at the sentencing hearing that he would be sentenced to a maximum sentence if his community corrections sentence were ever revoked. In each instance, the defendant agreed to community corrections with this understanding. When the community corrections sentences in those cases were revoked, the respective trial courts immediately imposed maximum sentences without making the findings required by the Sentencing Reform Act. This court remanded both cases for new sentencing hearings.

In the instant case, the trial court erred in setting a sentence, before revocation of the community corrections sentences, that would be automatically imposed in the event the community corrections sentences were revoked. This is the same situation condemned in Wade and Batts in that the trial court increased the

4

effective sentence solely for the purpose of punishing the defendant for violating the terms of the community corrections sentence. See Ervin, 939 S.W.2d at 583. Here, as there, the practice is improper.

IV.

We are not unmindful of the Sentencing Reform Act's provisions dispensing with the sentencing hearing when the district attorney general and the defendant agree upon a sentence which is accepted by the trial court. See T. C. A. §§ 40-35-203(b), -205(d). However, we conclude that the agreement in the instant case whereby the defendant agreed to two separate sentences for the same two offenses, one of which was contingent upon future conduct of the defendant, is neither contemplated nor authorized by the Sentencing Reform Act or the Community Corrections Act.

We are also mindful that the state in the original plea negotiations reduced the charges as a part of the plea agreement. The defendant unequivocally agreed at that time to consecutive sentencing in the event of a future violation and now, in effect, seeks to renege on the agreement. Nevertheless, having established that the automatically increased sentences were not authorized, at this juncture this court can only remand for a new sentencing hearing. Therefore, as the defendant was not afforded the requisite hearing upon revocation as provided by the Sentencing Reform Act, this case must be remanded for such a sentencing hearing.[2]

---

[2]This court does not mean to imply that consecutive sentences could not be imposed following a sentencing hearing. Consecutive sentences may validly

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge



_____
James Curwood Witt, Jr., Judge

---

result from a violation of community corrections if based upon proper grounds after a new sentencing hearing.