IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

**STATE OF TENNESSEE v. TIMOTHY M. ROBERTS**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-B-1296    Steve R. Dozier, Judge**

---

**No. M2002-00806-CCA-R3-CD - Filed March 18, 2003**

---

The defendant originally pled guilty pursuant to a plea agreement to various theft and forgery offenses as a Range II multiple offender for an effective six-year sentence, most of which would be served on community corrections. At the time of the plea, he agreed his sentence would be increased to ten years if he violated the community corrections program. He was subsequently revoked and ordered to serve an effective ten-year sentence in the Department of Correction. On appeal, he contends the trial court failed to make sentencing findings and imposed illegal sentences above the authorized Range II punishment. We agree and, therefore, reverse and remand for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Michael A. Colavecchio (on appeal) and Ron Munkeboe, Jr. (at hearing), Nashville, Tennessee, for the appellant, Timothy M. Roberts.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Derrick L. Scretchen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 3, 1999, the defendant pled guilty pursuant to a plea agreement to two counts of theft over $1,000, one count of forgery over $1,000 and four counts of forgery over $500. The agreement provided the following:

1.  the defendant would receive a sentence of six years as a Range II offender on each count of theft over $1,000 and on the count of forgery over $1,000, all Class D felonies;

2.      the defendant would receive a sentence of four years as a Range II offender on each of the remaining counts of forgery over $500, all Class E felonies;

3.      all sentences would run concurrently for an effective six-year sentence;

4.      the defendant would serve no longer than one year in the county workhouse but would be released earlier upon his successful completion of the Lifelines Program;

5.      the defendant would then be placed on community corrections for the balance of his sentence; and

6.      in the event the defendant subsequently violates the conditions of community corrections, his effective sentence would be increased to ten years as a Range II offender.

The defendant successfully completed the Lifelines Program and was released to the community corrections program on August 11, 2000. On November 17, 2000, a violation warrant was issued and alleged numerous violations. At his revocation hearing on March 1, 2002, the defendant conceded he was in violation of the community corrections program. After hearing the defendant's testimony in which he sought "another chance," the trial court resentenced the defendant to the Department of Correction for an effective term of ten years as a Range II offender. In doing so, the trial court did not make findings with regard to enhancement or mitigating factors and imposed the ten-year sentence, noting the defendant "agreed to this" at the time of his guilty plea.

## ANALYSIS

### A.  Errors in Original Judgments

Initially, we note errors in two of the original judgments entered on December 3, 1999, following the defendant's guilty plea. Counts 5 and 6 charged the defendant with forgery over $500, Class E felonies; yet, the judgments reflect the offense of forgery over $1,000, Class D felonies. The sentence imposed for each of these two convictions was six years which, although authorized for a Range II offender for a Class D felony, is not authorized for a Range II offender for a Class E felony. *See* Tenn. Code Ann. § 40-35-112(b)(4), (5). This appears to be a clerical error and had no substantive effect upon the overall sentence because all sentences ran concurrently.

### B.  Anticipatory Sentences for Community Corrections Violations

The defendant contends the trial court erred by failing to make proper sentencing findings when it resentenced the defendant for violation of the conditions of community corrections. We agree with this contention.

When the defendant entered his guilty plea agreeing to community corrections, he also agreed as a part of the plea that his sentence would be increased to ten years if he violated the

-2-

conditions of community corrections. At the resentencing hearing, the state argued the defendant should be bound by his original plea agreement; the defendant asked for "another chance." The trial court did not address enhancement or mitigating factors and noted the defendant agreed to the ten-year sentence at the time of the guilty plea.

When a court opts to resentence a defendant after violation of the conditions of community corrections, it must conduct a new sentencing hearing under the Criminal Sentencing Reform Act. State v. Samuels, 44 S.W.3d 489, 494 (Tenn. 2001). This includes the requirement that the trial court make specific findings as set forth in the Act. State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1999).

In Crook, this court examined the Criminal Sentencing Reform Act and the Community Corrections Act and condemned the practice of setting an increased sentence, pursuant to a plea agreement, that will be imposed if the defendant subsequently violates community corrections. *Id.* at 241. Such an anticipatory practice, in essence, increases the sentence based solely upon the violation of the conditions of community corrections, which is impermissible. *Id.; see* State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996). In Samuels, the trial court warned the defendant at the time of sentencing that he would "probably" get an increased eight-year sentence if he violated the terms of community corrections. 44 S.W.3d at 493. However, our supreme court noted that the trial court conducted a proper resentencing hearing, made extensive findings on enhancement and mitigating factors, and "did not simply impose a predetermined sentence." *Id.* at 494. Under these circumstances, the court found no error.

The case at bar is controlled by Crook. A plea agreement which predetermines the increased sentence to be imposed if a defendant subsequently violates the conditions of community corrections is improper. In Crook, we remanded for a new sentencing hearing under facts similar to the case at bar. 2 S.W.3d at 241. We do the same in this case.

## C. Remand

To assist the trial court upon remand, we note the following. The trial court entered orders entitled "Amended Judgment" rather than the standard uniform judgment documents when it resentenced the defendant upon revocation of community corrections. *See* Tenn. Sup. Ct. R. 17 (setting forth the uniform judgment document to be used in sentencing); *see also* Tenn. Code Ann. § 40-35-209(f) (requiring the use of uniform judgment documents). Because a defendant is resentenced upon revocation of community corrections, a uniform judgment document should be used.

The new sentence imposed by the trial court on each of the seven counts read exactly the same: "sentence increased to 10 hears @ 35% to serve." A ten-year sentence exceeds the authorized punishment for both a Class D Range II offender (eight-year maximum) and a Class E Range II offender (four-year maximum). *See* Tenn. Code Ann. § 40-35-112(b)(4), (5). As stated at the revocation hearing, it was the trial court's intention to impose an effective ten-year sentence by running the four-year sentence in Count 2 consecutively to the six-year sentence in Count 1, with all other sentences to run concurrently.

Upon remand, a separate standard judgment document should be used for each conviction. The judgments for Counts 1, 4 and 7, all Class D felonies, should each reflect a sentence within the range of four to eight years. The judgments for Counts 2, 3, 5 and 6, all Class E felonies, should each reflect a sentence within the range of two to four years. The trial court should then determine if any of the sentences should run consecutively.

## CONCLUSION

Based upon our review of the record, we reverse and remand for a new sentencing hearing.

                    _____

                    JOE G. RILEY, JUDGE