IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

**STATE OF TENNESSEE v. TIM MATTINGLY**

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 12822    Robert E. Burch, Judge**

_____

**No. M2002-02765-CCA-R3-CD - Filed September 2, 2003**

_____

The trial court found the defendant, Tim Mattingly, violated the terms of his ten-year community corrections sentence. It ordered him to serve three years "day for day" in the county jail before serving the remainder of his ten-year sentence on community corrections. In this appeal, the defendant argues the trial court acted without authority in imposing this sentence. We conclude the trial court imposed an illegal sentence and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

William B. (Jake) Lockert, III, District Public Defender (on appeal); Steve Stack, Assistant District Public Defender (at hearing); and L. Broner McCoy, Ashland City, Tennessee (at hearing), for the appellant, Tim Mattingly.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 30, 1997, the defendant pled guilty to two counts of aggravated burglary, ten counts of burglary, one count of felony attempted theft, and two misdemeanors. He received an effective ten-year sentence on community corrections.

On October 27, 1998, the trial court entered a "Community Corrections Revocation Order" in which it found the defendant had violated community corrections; "revoked" the defendant's community corrections sentence; and required him to serve six months in the county jail and return to community corrections.

On June 28, 2000, the trial court filed a second order in which it found the defendant had again violated community corrections; "revoked" the defendant's community corrections sentence; and ordered him to serve eleven months and twenty-nine days and to complete a drug rehabilitation program. The defendant was apparently placed back on community corrections after his confinement.

Then, at a hearing on October 19, 2001, the trial court found the defendant had again violated the terms of his community corrections sentence after his release from incarceration. At the close of the hearing, the court stated the defendant was "sentenced to [the] county jail for three years to serve day for day and then will be placed back out on community correction Level I supervision in the custody of the Sheriff." In the "Violation of Community Corrections Order" filed October 24th, the trial court ordered:

> 1. That the Defendant's Community Correction sentence should be revoked and the Defendant placed in the Tennessee Department of Correction for three (3) years and shall serve same day for day.

> 2. After Defendant serves said three (3) years day for day, he will be placed back on Community Corrections for supervised probation on Level 1.

In October 2002, while apparently serving the three-year period of incarceration in the county jail, the defendant filed a motion seeking an alternative sentence in lieu of the remaining two years of incarceration. At the motion hearing on October 28, 2002, the defendant contended he was illegally sentenced to a period of incarceration that exceeded one year. The trial court denied the defendant's motion. In denying the motion, the trial court stated:

> [The prior order] is actually incorrect[.] [H]is community corrections sentence was not revoked[,] that was not the order of the Court[,] that is not my practice nor did I send him back to the department of corrections. He . . . remained on community corrections[.] I simply required him to serve three years day for day in the county work house and then be placed back out on community corrections as a penalty for his failure to abide by the rules of community corrections. This was not resentencing. I did not have [a] presentence report and therefore [it] is not a split confinement[.] [I]t is simply a punishment for his violation. I know that the court has on two prior occasions punished [the defendant] for his failure [to] abide [by] rules of community corrections and this is simply a first time of six months[,] second time was a year[,] and this time was three years. . . .

The trial court then entered an "Amended Violation of Community Corrections Order" in which it directed:

> 1. That the Defendant has violated his Community Correction sentence but shall remain on the Community Corrections Program and shall be placed in the Tennessee Department of Correction in Cheatham County Jail to serve three (3) years and shall serve same day for day.

2. After Defendant serves said three (3) years day for day, he will [be] released back onto the Community Corrections for supervised probation on Level 1.

3. This sentence is punishment for the violation, not resentencing.

## MODIFICATION OF A COMMUNITY CORRECTIONS SENTENCE FOLLOWING A VIOLATION

The defendant contends the trial court acted without authority when it imposed three years of incarceration as a "punishment" for his violation of the terms of his community corrections sentence. We agree.[1]

When a defendant violates the terms of a community corrections sentence, the trial court may either revoke the community corrections sentence and resentence the defendant, *see* Tenn. Code Ann. § 40-36-106(e)(4), or it need not revoke and may allow the defendant to continue to serve the community corrections sentence. If the trial court revokes the community corrections sentence, it "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served [on community corrections]." *Id*. If community corrections is revoked, the trial court must conduct a new sentencing hearing in accordance with the Criminal Sentencing Reform Act and may even impose a greater sentence than the original sentence. *See* State v. Samuels, 44 S.W.3d 489, 493-94 (Tenn. 2001); State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998).

If the trial court opts to allow a defendant to continue serving the community corrections sentence despite a violation, it may impose, as a condition, additional requirements including a period of incarceration. This is authorized because the trial court "retain[s] the authority to alter or amend at any time the length, terms or conditions" of the community corrections sentence. Tenn. Code Ann. § 40-36-106(e)(2). However, in the event the trial court imposes incarceration as a condition, the period of confinement may not exceed one year. *See* State v. Jimmy D. Johnson, No. 03C01-9602-CC-00062, 1997 Tenn. Crim. App. LEXIS 1037, at **6-7 (Tenn. Crim. App. Oct. 16, 1997, at Knoxville).

## ANALYSIS

Initially, we observe that the first two revocation orders entered on October 27, 1998, and June 28, 2000, were improper because the trial court "revoked" community corrections; yet, it did not resentence the defendant. It simply imposed an additional period of incarceration and placement back on the community corrections program. Nevertheless, these ordered periods of confinement have already been served. We see no reason to further address them.

---

[1] We also note that the trial court improperly ordered "day for day" sentencing. *See* State v. Alicia Tharpe, No. M2002-00992-CCA-MR3-CD, 2003 Tenn. Crim. App. LEXIS 306, at *9 (Tenn. Crim. App. Apr. 4, 2003, at Nashville), *perm. to app. pending*; State v. Jeannie Hudson, No. E2001-00377-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 248, at **11-12 (Tenn. Crim. App. Feb. 19, 2002, at Knoxville), *perm. to app. denied* (Tenn. 2002).

As to the latest order, it is clear the trial court found the defendant violated the terms of his community corrections sentence and intended to impose a period of incarceration as a condition of his continued service of his sentence in community corrections. However, the trial court erred by imposing a term of incarceration greater than one year. *See id.* The resulting three-year sentence is, therefore, illegal as is the "day for day" provision.[2]

Because the sentence is void, we remand this matter to the trial court for further proceedings. At the hearing, the trial court may revoke the defendant's community corrections sentences, conduct a new sentencing hearing, and resentence him. In this event, the trial court must enter a uniform judgment document for each affected conviction and shall set forth the sentence for each conviction, all pursuant to the procedure suggested in State v. Timothy M. Roberts, No. M2002-00806-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 230, at **6-8 (Tenn. Crim. App. Mar. 18, 2003, at Nashville). The defendant shall be granted jail credit for all days of confinement, including those days served on the two prior revocations, and for all days served in community corrections. *See* Tenn. Code Ann. § 40-36-106(e)(4).

In the alternative, the trial court may decline to revoke community corrections. In that event, the defendant shall be released immediately because he has served in excess of the one-year period of authorized confinement. He would then continue on the community corrections program.

## CRIMINAL CONTEMPT

The defendant also argues the trial court erroneously held him in criminal contempt for violating the terms of his community corrections sentence. However, there is no indication in the record that the trial court sanctioned the defendant for contempt. This argument is without merit.

## CONCLUSION

We hold the trial court imposed an illegal sentence based upon violation of the defendant's community corrections program. We reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion. The matter of bond pending this hearing shall be determined by the trial court.

_____
JOE G. RILEY, JUDGE

---

[2]*See* n.1.

-4-