IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

**STATE OF TENNESSEE v. FRANK D. GRUNDY**

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR5454B & CR5661     Robert E. Burch, Judge**

_____

**No. M2003-02775-CCA-R3-CD - Filed January 20, 2005**

_____

The trial court found that Defendant, Frank D. Grundy, violated the terms of his eight-year community corrections sentence.  It ordered him to serve one year "day for day" in the county jail before serving the remainder of his community corrections sentence.  On appeal, Defendant argues the trial court's imposition of "day for day" sentencing was improper.  We conclude the trial court imposed an illegal sentence and remand for entry of an appropriate amended order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

William Bradley Lockert, III, District Public Defender; and Christopher L. Young, Assistant District Public Defender, for the appellant, Frank D. Grundy.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General, and Dan Mitchum Alsobrooks, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Defendant, Frank Grundy, pled guilty to possession of cocaine with intent to sell, a Class B felony, as well as failure to appear, a Class E felony.  He received an effective eight-year sentence on community corrections.  Several months later, the trial court found Defendant to be in violation of his community corrections sentence and ordered that he remain on community corrections and serve eleven months and twenty-nine days in the county jail.  Defendant was eligible for work release after serving thirty days.  Several months after Defendant was released from the county jail, the trial court again found Defendant to be in violation of his original community corrections sentence.  Defendant remained on community corrections, and was ordered to serve one year, day for day, in the county jail, and then to be released on community corrections under level one supervision.

On appeal, Defendant argues that the trial court improperly ordered "day for day" sentencing.  We agree.

When a defendant violates the terms of a community corrections sentence, the trial court may either revoke the community corrections sentence and resentence the defendant, or it may choose to allow the defendant to continue to serve the community corrections sentence. *See* Tenn. Code Ann. § 40-36-106(e)(4) (2004). If the trial court revokes the community corrections sentence, it "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served." *Id.* If community corrections is revoked, the trial court must conduct a new sentencing hearing in accordance with the Criminal Sentencing Reform Act and may even impose a greater sentence than the original sentence. *See State v. Samuels*, 44 S.W.3d 489, 493-94 (Tenn. 2001); *State v. Cook*, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998).

If the trial court opts to allow a defendant to continue serving the community corrections sentence despite a violation, it may impose, as a condition, additional requirements including a period of incarceration. This is authorized because the trial court "retains the authority to alter or amend at any time the length, terms or conditions" of the community corrections sentence. Tenn. Code Ann. § 40-36-106(e)(2) (2004). However, in the event the trial court imposes incarceration as a condition, the period of confinement may not exceed one year. *See State v. Tim Mattingly*, No. M2002-02765-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 754, *7 (Tenn. Crim. App., at Nashville, Sept. 2, 2003), *no perm. to app. filed*. Where a period of confinement is imposed, an order of day-for-day service is impermissible because a trial court cannot deny a defendant the statutory right to earn good conduct credits or authorized work credits where the defendant receives a sentence of incarceration in the county jail as part of a community corrections sentence. *State v. Chris E. Hixson*, No. M2002-03141-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 318, *5 (Tenn. Crim. App., at Nashville, April 7, 2004), *no perm. to app. filed*; *State v. Derrick L. Dillard*, No. M2002-03089-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 36, *6 (Tenn. Crim. App., at Nashville, Jan. 16, 2004), *no perm. to app. filed*; *see State v. Tim Mattingly*, No. M2002-02765-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 754, *7 (Tenn. Crim. App., at Nashville, Sept. 2, 2003), *no perm. to app. filed*; *see also State v. Alicia Tharpe*, No. M2002-00992-CCA-MR3-CD, 2003 Tenn. Crim. App. LEXIS 306, * 7-8 (Tenn. Crim. App., at Nashville, April 4, 2003), *perm. to app. denied* (Tenn. Sept. 8, 2003).

Accordingly, the trial court's imposition of "day for day" sentencing was improper. The one-year length of the sentence was not improper; however, Defendant is entitled to have any good conduct credits and/or authorized work program credits earned while in the county jail applied so as to decrease the amount of time that Defendant shall be incarcerated.

## CONCLUSION

For the reasons stated herein, the judgment of the trial court is reversed, and this case is remanded for entry of an amended judgment which does not include the "day for day" provision.

THOMAS T. WOODALL, JUDGE