IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## STATE OF TENNESSEE v. MITCHELL D. STRONG

**Direct Appeal from the Circuit Court for Humphreys County**
**No. 10340       Robert E. Burch, Judge**

_____

**No. M2004-02291-CCA-R3-CD - Filed July 19, 2005**

_____

Appellant, Mitchell D. Strong, appeals the sentencing decision of the Humphreys County Circuit Court following the revocation of his community corrections sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Haylee Bradley, Assistant District Public Defender, Ashland City, Tennessee, for the appellant, Mitchell D. Strong.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Lisa Donegan, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

In December of 2002, Appellant pled guilty to one count of theft of property valued between $10,000 and $60,000, a Class C felony, and one count of vandalism, a Class E felony. The trial court then placed him in the community corrections program for a total of four years.

On February 11, 2003, a violation warrant was filed, and thereafter, the trial court revoked the community corrections sentence and ordered Appellant to serve eighteen months' in the county jail with the special condition that he could apply to drug court after six months service. In February of 2004, the trial court granted Appellant's petition seeking release from incarceration, finding that he had served more than one year of incarceration for the violation, and placed him back into the community corrections program.

On June 24, 2004, a second violation warrant was filed, alleging that Appellant had not reported, paid costs, or completed community service work and that he had used narcotics. On August 25, 2004, Appellant pled guilty to the violation, and his counsel stated, "At this time, [Appellant] would like to go ahead and just complete the rest of his TDO[C] sentence. His understanding, there is a drug program in the prison system, and he is very interested in that. He was only out a couple of months before he . . . violated again." Despite Appellant's apparent desire to reenter the Department of Correction and forego further alternative sentencing, the trial court ordered him to serve one year in the county jail with the remainder of the sentence in community corrections. Appellant now brings this appeal.

## Analysis

In this appeal, this Court is presented with a rather anomalous request: Appellant asks this Court to reverse the trial court's order of alternative sentencing and remand the case so that the trial court may sentence him to the Department of Correction. Appellant, states in his brief, "It is a waste of time to place [him] back on Community Corrections because he has shown that he cannot make it time after time." The State argues that the trial court did not abuse its discretion in reinstating alternative sentencing.

Both the eligibility for and revocation of a community corrections sentence is governed by Tennessee Code Annotated section 40-36-106. This section states that the trial court shall "possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced." Id. at (e)(4). This Court reviews the revocation of a community corrections sentence only for an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion in a revocation case is abused only when the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. Id. In the present case, Appellant admitted to violating the conditions of his sentence at the hearing and does not challenge the trial court's revocation of his sentence on appeal. Accordingly, we determine that Appellant's sentence was properly revoked.

Upon revocation of Appellant's sentence, the trial court had the discretion to fashion an appropriate remedy. Tennessee Code Annotated section 40-36-106(e)(4) allows a trial court to "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Assuming that it conducted a sentencing hearing pursuant to the principles of the Criminal Sentencing Reform Act, the trial court could have even resentenced Appellant to a sentence more severe than his original one. See State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998).

Appellant cites State v. Opal Gause, No. W2002-01225-CCA-R3-CD, 2002 WL 31625284, at *6 (Tenn. Crim. App., at Jackson, Nov. 14, 2002) to argue that his repeated unsuccessful efforts towards rehabilitation and "little potential for success during another probationary period" are factors that merit incarceration after revocation. However, such factors are merely considerations, the

finding of which does not necessitate incarceration. As stated, it is within the trial court's discretion to affix the appropriate remedy for violation of a community corrections sentence. The trial court is certainly not bound to follow the defendant's sentencing request. Appellant has not presented any evidence that the trial court acted arbitrarily or that the reinstatement of alternative sentencing is otherwise improper. In consequence, this issue has no merit.

## Conclusion

We affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE