IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

## STATE OF TENNESSEE v. STEPHEN GREGORY SPENCER, ALIAS GREGORY SPENCER

**Appeal from the Criminal Court for Hamilton County
Nos. 255682, 259042, 259233, and 265906    Don W. Poole, Judge**

No. E2009-00389-CCA-R3-CD - Filed January 25, 2010

The Defendant, Stephen Gregory Spencer, pled guilty to two counts of possession of marijuana, Class E felonies, one count of possession of a handgun with the intent to go armed, a Class A misdemeanor, one count of theft of property valued at over one thousand dollars, a Class D felony, and one count of theft of property valued at over ten thousand dollars, a Class C felony.  The trial court imposed an effective sentence of eight years as a Range I, standard offender to be served in community corrections.  A community corrections violation warrant issued alleging that the Defendant failed to report and continued to use illegal drugs.  Following an evidentiary hearing, the trial court revoked the community corrections sentences and ordered the sentences to be served in incarceration.  In this appeal as of right, the Defendant contends that the trial court erred in ordering the service of his sentences in incarceration.  Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgments of the Criminal Court
are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Ardena J. Garth, District Public Defender (at trial); and Richard Kenneth Mabee, Assistant Public Defender (on appeal), attorneys for appellant, Stephen Gregory Spencer.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William H. Cox, III, District Attorney General; and Cameron Williams, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

An outline of the rather lengthy procedural history of these cases is necessary for a full understanding of the issue before this court. The Defendant was indicted in the following cases:

Case Number 255682:        Criminal Impersonation        Offense Date: 06/26/05
                                    Violation of Registration Law
                                    Possession of Drug Paraphernalia
                                    Felony Possession of Marijuana
                                    Driving on a Revoked License

Case Number 259042:        Felony Possession of Marijuana    Offense Date: 02/01/06
                                    Possession of a Handgun w/Intent to go Armed

Case Number 259233:        Theft of Property (over $1,000)    Offense Date: 03/10/06
                                    Driving on a Revoked License

The record reveals that at the time some of these offenses were committed, the Defendant was serving an eleven month and twenty-nine day community alternative sentence of house arrest that was imposed on January 19, 2005, pursuant to the Defendant's guilty pleas to three counts of driving on a revoked license, two counts of simple possession of marijuana, one count of driving under the influence, and one count of evading arrest. The record further reveals that these alternative sentences were revoked upon the commission of the newly indicted offenses.

On August 6, 2006, the Defendant entered guilty pleas to the following charges:

Case No. 255682:        Felony Possession of Marijuana

Case No. 259042:        Felony Possession of Marijuana
                                    Possession of a Handgun

Case No. 259233:        Theft of Property Valued at over $1,000

All remaining counts of the indictments were dismissed. The trial court sentenced the Defendant to an effective sentence of four years' incarceration for these offenses, to be served consecutively to the January 19, 2005, alternative sentence judgments that were revoked. At some time not evident from the record, the Defendant was accepted to Wayne County Boot Camp for the service of his sentence and released to supervised probation on March 28, 2007.

On August 27, 2007, a probation violation report was filed with the trial court alleging numerous instances of the Defendant's failure to adhere to the conditions of probation with the most significant being new arrests for driving on a revoked license, aggravated burglary, and theft of property valued at over ten thousand dollars in addition to new convictions for driving on a revoked license and criminal impersonation. In case number 265906 the Defendant ultimately pled guilty to theft of property valued at over ten thousand dollars and the aggravated burglary charge was dismissed. The trial court imposed a four year sentence to be served consecutively to the revoked effective sentence of four years; the trial court ordered the resulting eight year sentence to be served in incarceration. However, on March 31, 2008, the trial court placed the Defendant on community corrections for the eight year term following a successful motion for reduction of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. On July 12, 2008, a revocation warrant issued citing the Defendant's continued drug use and failure to report to his community corrections officer as bases for revoking the community corrections sentence.

At the January 26, 2009 revocation hearing, the trial court considered the testimony of Hamilton County Community Corrections Officer Sherry Bradford, the Defendant, and his wife. Ms. Bradford testified that she began supervising the Defendant on March 31, 2008, and that she conducted a three-hour orientation with the Defendant on April 1, 2008, concerning the rules and conditions of community corrections program. During the orientation, Ms. Bradford informed the Defendant that he would wear an electronic monitoring device, maintain employment, pay fines and court costs, maintain a curfew, and submit satisfactory drug screens. Since the orientation, Ms. Bradford stated that she had filed "one capias request and two addendums" concerning the Defendant's repeated positive drug screens for marijuana and once for Xanax, failure to report for drug and alcohol counseling, and absconding to Illinois. Ms. Bradford testified that her office had been able to locate the Defendant through a family member who told her that the Defendant had garnered more charges in Illinois and was in custody. Ms. Bradford reported that the Defendant had removed the electronic surveillance monitor prior to absconding to Illinois. She also stated that the Defendant had failed to maintain verifiable employment. Ms. Bradford acknowledged that the Defendant had expressed a desire to do some "undercover work" but explained that such activity was forbidden in the program. She also testified that the Defendant was diagnosed with bipolar disorder sometime during supervision and acknowledged that mental health issues coupled with addiction issues often complicate an offender's supervision.

The Defendant testified that he was "doing pretty good" on community corrections until he began to experience problems with his medications for his bipolar disorder and began using drugs again. He told the trial court, "I have bad anxiety attacks. And I do a lot of research on it myself because a lot of people don't understand the things I go through

myself, even my family. Jail don't help me." He explained that he moved his family to Illinois when a person against whom he was a witness in an ongoing investigation showed up at his house and "scared" him. He said he was trying to protect his family by moving but admitted he was "too ignorant to do it the right way" by telling his community corrections officer. The Defendant urged the trial court to place him back on community corrections so that he could obtain drug addiction treatment and work to support his wife and their four children.

The Defendant's wife testified that she hoped that the trial court would place the Defendant on community corrections in consideration of his mental health needs. She also stated that the Defendant told her that the family should move to Illinois for a fresh start.

The trial court found by a preponderance of the evidence that the Defendant had violated the terms of his community corrections sentence by testing positive for drugs on three occasions, failure to complete drug treatment, and for absconding. The trial court reviewed the Defendant's lengthy history of past failed attempts at rehabilitation as evidenced by previous probation revocations, returns to probation, and the Defendant's re-offending. While the trial court expressed sympathy concerning the Defendant's mental health and drug addiction issues, the trial court stated that "you've tried everything that the State of Tennessee has to offer . . . and you failed . . . . And it appears the only thing left is the Department of Correction[s]." The trial court recommended "violators boot camp" subject to that progam's acceptance of the Defendant but ordered the sentences executed to serve in incarceration.

On appeal the Defendant urges this court to reverse the trial court's execution of sentence so that he can return to community corrections supervision and obtain treatment for his drug addiction. The State argues that the trial court did not abuse its discretion in revoking the community corrections sentences and ordering the sentences to be served in incarceration based upon the repeated past failed attempts at rehabilitation clearly evidenced in this case. Following our review, we agree with the State.

ANALYSIS

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation occurred. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. In reviewing a trial court's findings, this court must examine the record and determine whether the trial court has exercised a

conscientious judgment rather than an arbitrary one. <u>State v. Mitchell</u>, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence and order the original sentence to be served in confinement or the trial court may resentence a defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum provided for the offense committed with credit for time served while on community corrections. Tenn. Code Ann. § 40-36-106(e)(4). However, when the trial court chooses to resentence a defendant to a more severe sentence, it may only do so after conducting a new sentencing hearing in accordance with the Sentencing Act of 1989. <u>State v. Crook</u>, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998). The trial court may not arbitrarily increase the length of the sentence and must state on the record the reasons for the new sentence. <u>State v. Ervin</u>, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996).

The Defendant admitted to the violations at the revocation hearing but asked the trial court to give him one more chance to succeed on community corrections. The very history of these cases alone reveals a consistent pattern of failed attempts at rehabilitation. The record more than supports the trial court's decisions to revoke the community corrections sentences and to order the sentences served in confinement. We conclude that the trial court exercised a conscientious judgment in arriving at its determination. Accordingly, the judgments of the trial court are affirmed.

## CONCLUSION

In consideration of the foregoing, the judgments of the trial court revoking the Defendant's community corrections sentences and ordering service of the sentences in confinement are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE