# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## STATE OF TENNESSEE v. GEORGE WARD

### Direct Appeal from the Circuit Court for Madison County
#### No. 03-236      Donald H. Allen, Judge

### No. W2009-00815-CCA-R3-CD  - Filed April 21, 2010

The defendant, George Ward, appeals his resentencing following the revocation of his eight-year community corrections sentence, arguing that the trial court erred by imposing the maximum twelve-year sentence for his Class B felony drug offense of possession of cocaine with the intent to sell.  Following our review, we affirm the twelve-year sentence imposed by the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Gregory D. Gookin, Assistant Public Defender (on appeal); Robert L. Thomas, Jackson, Tennessee (at trial), for the appellant, George Ward.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On November 24, 2003, the defendant pled guilty in the Madison County Circuit Court to possession of .5 grams or more of cocaine with the intent to sell, a Class B felony, and was sentenced to eight years to be served in community corrections.  On October 29, 2008, a community corrections violation warrant was issued alleging that the defendant had violated the terms of his sentence by his August 11, 2007, arrest in Haywood County for DUI, speeding, and violation of the open container law, and by failing to report to his

community corrections supervisor.

At the February 2, 2009, revocation hearing, Elsa Reyes, the defendant's supervising case officer, testified that the defendant left a telephone message on August 15, 2007, to notify her that he had been charged with DUI in Haywood County. Although he had been reporting regularly up to that point, the last time she saw him was on August 10, 2007, and she never again heard from him after his August 15 telephone message. According to Reyes, the defendant's DUI case was currently still pending in Haywood County.

Sergeant Jimmy Johnson of the Tennessee Highway Patrol testified that he charged the defendant with speeding, DUI, first offense, and open container after clocking him at 87 miles per hour in a 70-mile-per-hour zone, observing that he had an open container and smelled of alcohol and administering field sobriety tests, which the defendant failed. He said that the defendant submitted to a breathalyzer, which registered his blood-alcohol level as .12. He further testified that the defendant had failed to show up for court several times and that there was currently a warrant on him out of Haywood County for failure to appear.

Shondra Cross, who was a passenger in the defendant's vehicle at the time of his DUI arrest, testified that the defendant had drunk only two beers and a small glass of vodka approximately five or six hours earlier and did not appear to her to have been under the influence of alcohol at the time of his arrest. She said that the container in the vehicle contained only pink lemonade.

The defendant testified that on the evening preceding his August 11 arrest he had a few drinks while socializing with friends at his apartment, left with Cross for Spanky's Bar and Grill at 3:00 or 3:30 a.m. to pick up some food, visited with the mother of one of his sons at his child's mother's house, and then headed with Cross toward Exit 42, located halfway between Jackson and Memphis, where his mother was scheduled to meet him with his other son. The defendant disputed Sergeant Johnson's assessment of his ability to perform the field sobriety tests, testifying that he was able to touch his nose, successfully completed the heel-to-toe test, and was able to perform the one-legged balance test, albeit not perfectly due to the fact that he had a sore ankle from a sports injury. He also said that he had to take the breathalyzer test four times before it ever recorded any results. The defendant was unable to provide a reason for why he had stopped reporting to his community corrections supervisor other than to say that it was "just an honest mistake that [he] made." Finally, he said that he did not enter the bar and grill and that he was unaware that he was subject to a curfew while on community corrections.

Reyes, recalled as a rebuttal witness for the State, testified that the defendant was subject to a 6:00 p.m. to 6:00 a.m. curfew while on community corrections and that it was

a violation of the community corrections rules for the defendant to enter an establishment whose primary purpose was the sale of alcohol.

At the conclusion of the hearing, the trial court found that the defendant had violated the conditions of his community corrections sentence by failing to report, driving under the influence of an intoxicant, speeding, being in violation of the open container law, and failing to adhere to his curfew. Accordingly, the trial court revoked his community corrections sentence and ordered a new sentencing hearing.

At the March 9, 2009, sentencing hearing, the State introduced the defendant's presentence report, which reflected that the forty-one-year-old defendant had numerous traffic and drug convictions as well as two convictions for evading arrest and a conviction for vandalism.

The trial court found two enhancement factors applicable to the case: that the defendant had a previous history of criminal convictions in addition to those necessary to establish his range, and that he had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114 (1), (8) (2006). Finding no applicable mitigating factors, the trial court sentenced the defendant as a Range I, standard offender to the maximum sentence of twelve years in the Department of Correction, with credit given for the time the defendant had already served in jail and on community corrections.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court erred in resentencing him to twelve years in the Department of Correction following the revocation of his community corrections sentence. The defendant does not contest the application of the enhancement factors but, instead, argues that a mid-range sentence of ten years would be more appropriate in his case. The State argues that the twelve-year sentence imposed by the trial court is not excessive in light of the defendant's criminal history and the circumstances surrounding the revocation of his community corrections sentence. We agree with the State.

Upon revocation of a community corrections sentence, a trial court may resentence a defendant to any appropriate sentencing alternative, including incarceration for any period of time up to the maximum sentence provided for the offense committed, as long as it gives the defendant credit for any time already served in any community-based alternative to incarceration. Tenn. Code Ann. § 40-36-106(e)(4) (2006). If the trial court resentences the defendant to a more severe sentence than originally imposed, it must conduct a sentencing hearing in accordance with the Sentencing Act of 1989. State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998) (citations omitted). "The purpose of allowing the trial court to

-3-

impose a new sentence is that the nature, circumstances and frequency of the defendant's violations may 'warrant a different type of alternative sentence or incarceration.'" Id. (quoting State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996)). The trial court may not arbitrarily increase the length of the defendant's sentence and must state on the record its reasons for the sentence imposed. See Tenn. Code Ann. §§ 40-35-209(c), -210(e)-(f); Ervin, 939 S.W.2d at 583.

When deciding whether to sentence a defendant to confinement, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code. Ann. § 40-35-103(1) (2006).

Upon resentencing, the trial court considered the appropriate sentencing guidelines and thoroughly explained on the record its reasons for increasing the defendant's sentence to the maximum twelve-year sentence allowed for a Range I offender convicted of a Class B felony. Among other things, the court noted that the defendant had an extensive prior criminal history consisting of twenty-two prior misdemeanor convictions and four prior felony convictions, with many of those offenses involving the possession or sale of drugs. The court further noted that the defendant had previously violated both the conditions of probation and parole and that he had failed to appear for his court appearances in the pending DUI case. The court's ruling states in pertinent part:

> Based upon these enhancing factors, the Court finds that it would be appropriate to sentence [the defendant] to the maximum sentence of 12 years as a Range I standard offender. Now the Court also finds that he's not an appropriate candidate for Community Corrections. He's not an appropriate candidate for any type of probation or alternative sentencing. He's already proven on recent occasions and frequently over the last several years that he cannot follow the rules of any type of alternative sentencing because he goes out and just commits more offenses. . . .

. . . .

I will say this too: If [the defendant] had just shown up and continued to report to his probation officer and if he had gone to court in Haywood County back in August of '07 -- apparently according to this, there is a capias on him. The charge is still pending over in Haywood County which makes me believe that he has just basically ran away from this charge over in Haywood County. You know, he could have made some good decisions. He could have continued reporting to Community Corrections. He could have shown up and perhaps faced these charges in Haywood County, but instead he just chose not to report and chose not to face the music and unfortunately for [the defendant], it's finally caught up with him so he'll just have to serve his sentence.

The record fully supports the trial court's decision to resentence the defendant to the maximum term of twelve years incarceration. As the trial court observed, the defendant, who has a fairly extensive criminal history, has repeatedly demonstrated his unwillingness to abide by the conditions of sentences involving release into the community, including in the instant case, in which he was not only arrested for DUI, speeding, and violation of the open container law, but also completely stopped reporting to his supervising officer following his arrest. Accordingly, we affirm the twelve-year sentence imposed by the trial court.

## CONCLUSION

Based on our review, we conclude that the trial court properly resentenced the defendant to the maximum term of twelve years in the Department of Correction. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE