IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 28, 2012

## STATE OF TENNESSEE v. CHARLES REGINALD UNDERWOOD, JR.

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S55,301    Robert H. Montgomery, Jr., Judge**

———————————————————

**No. E2011-01833-CCA-R3-CD - Filed September 4, 2012**

———————————————————

Defendant, Charles Reginald Underwood, Jr., appeals the trial court's revocation of his community corrections sentence and the imposition of a sentence of confinement. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, PJ., and CAMILLE R. MCMULLEN, J., joined.

C. Brad Sproles, Kingsport, Tennessee, for the appellant, Charles Reginald Underwood, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeley Welles, Jr., District Attorney General; and Laura Rayment, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Defendant pled guilty to driving on a revoked license, third offense driving on a revoked or suspended license, and violation of the safety belt law. The trial court merged the driving on a revoked license into the third offense driving on a revoked license and imposed an effective sentence of eleven months, twenty-nine days, with six months to be served in the county jail and the remainder of the sentence to be served on community corrections. This Court affirmed the sentence on appeal. *State v. Charles Reginald Underwood, Jr.*, No. E2009-02160-CCA-R3-CD, 2010 WL 3561935 (Tenn. Crim. App. Sept. 14, 2010), *perm. app. denied*, (Tenn. Feb. 16, 2011).

A warrant for violation of community corrections was filed on June 13, 2011, alleging that Defendant had failed to report. At the revocation hearing, Defendant pled guilty to the violation and admitted that he failed to report for fourteen weeks after March 11, 2011. He then asked the trial court to reinstate his community corrections sentence after service of six months in confinement. Defendant told the trial court that other than failing to report for fourteen weeks, he had followed all of the conditions of his community corrections sentence by passing his drug screens and being at home during curfew. He said that there were no violations of his bond monitoring program before he absconded.

Defendant testified that if released, he had a job at Johnson City Detail. He said that he was married and had two children who did not live with him. Defendant testified that he paid child support on the children but was two months behind on his payments due to his incarceration.

Stuart Canter, Defendant's probation officer, testified that he began supervising Defendant on August 13, 2009, "in which he was read the rules of the program and he signed a contract." He supervised Defendant on four separate cases, including the present one. Mr. Canter testified that Defendant's sentence "originally started out as a probation sentence that he was placed on August 2nd of 2009 and then he appealed the court's decision and I filed a bond supervision order on November the 2nd of 2009." The order remained in effect until Defendant absconded. He said that during that period of time, Defendant reported every week, paid his fees, and passed all drugs tests. Mr. Canter testified that Defendant's last report date was March 11, 2011.

At the conclusion of the revocation hearing, the trial court revoked Defendant's community corrections sentence and ordered him to serve his sentence of eleven months and twenty-nine days in confinement.

## II. Analysis

The decision to revoke a community corrections sentence or probation rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"). The trial court is required only to find that the violation of probation or community corrections occurred by a preponderance of the evidence. *See* T.C.A. § 40-35-311(e) (2006); *see also id.* § 40-36-106(e)(3)(B). After finding a violation of a defendant's community corrections, the "court

may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). If the trial court resentences a defendant to a more severe sentence than originally imposed, it must conduct a sentencing hearing in accordance with the 1989 Sentencing Act. *See State v. Crook*, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998). When a trial court does not alter "the length, terms or conditions of the sentence imposed," a new sentencing hearing is not required. T.C.A. § 40-36-106(e)(2); *see State v. Samuels*, 44 S.W.3d 489, 493 (Tenn. 2001).

Defendant argues that because he had "substantially complied with the terms of his community corrections supervision," the trial court abused its discretion by revoking the Appellant's [community corrections] and ordering him to serve the sentence." However, Defendant pled guilty to the community corrections violation and admitted that he failed to report for fourteen weeks.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in finding that Defendant had violated the conditions of his community corrections sentence and by ordering him to serve his eleven-month, twenty-nine-day sentence in confinement. This Court has held that "[only] one basis for revocation is necessary." *State v. Alonzo Chatman,* No. E2000-03123-CCA-R3-CD, 2001 WL 1173895, at *2 (Tenn. Crim. App. Oct. 5, 2001); *State v. Joe Allen Brown*, No. W2007-00693-CCA-R3-CD, 2007 WL 4462990, at *4 (Tenn. Crim. App. Dec. 20, 2007).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE