IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 27, 2019

## STATE OF TENNESSEE v. JENNY FRYE

**Appeal from the Criminal Court for Sullivan County
Nos. S67173, S63174, S61586, S63569   James F. Goodwin, Jr., Judge**

_____

### No. E2018-01825-CCA-R3-CD

_____

The defendant, Jenny Frye, appeals the order of the trial court revoking her community corrections sentence and ordering her to serve an increased sentence of eight years in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of her community corrections sentence. Accordingly, the judgment of the trial court is affirmed in part. However, because the trial court failed to conduct a sentencing hearing prior to increasing the defendant's sentence, we remand the matter for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part and Reversed in Part; Case Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Andrew J. Gibbons, District Public Defender; William A. Kennedy, Assistant Public Defender, for the appellant, Jenny Frye.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Emily Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Facts and Procedural History*

On January 24, 2013, the defendant pled guilty to one count of failure to appear (S61,586) and was sentenced to eighteen months on community corrections.[1]  As part of her sentence, the defendant was ordered to receive treatment at the John R. Hay House ("Hay House").  However, she left the Hay House in May 2013, violating her sentence.

On May 22, 2014, the defendant pled guilty to identity theft (S63,569) and misdemeanor escape (S63,174).  She received an effective sentence of two years, which was to run consecutively to her sentence in S61,586.  As before, her sentences were to be served on community corrections.  The defendant subsequently stopped reporting, and a violation warrant was issued on August 27, 2015.

An additional violation warrant was issued in January 2016, and, on November 17, 2017, the defendant pled guilty to felony failure to appear (S67,173).  She received a sentence of one year on community corrections to be served consecutively to her sentences in S63,174 and S63,569 and was ordered to resume treatment at the Hay House.  Additionally, the trial court enhanced the defendant's sentence in S63,174 to two years, giving her an effective sentence of five years, six months.[2]  However, the defendant again absconded from the Hay House, and a violation warrant was issued on January 4, 2018.  The defendant was later discovered in Knoxville and arrested in April 2018.

On September 14, 2018, the trial court held a revocation hearing, and the defendant pled guilty to the violation of her community corrections sentence.  The defendant requested to be sent to a drug treatment facility to address her drug addiction, and she testified a bed was waiting for her at the Eagles Nest, a drug treatment center in Knoxville.  The defendant admitted she had used drugs since the age of fourteen and testified she was "ready to change [her] life for the first time."  She was particularly eager to mend her relationship with her daughter, who had tried to commit suicide due to the defendant's addiction.  Additionally, the defendant's family, including her ill mother, lived in Knoxville and would support the defendant's journey to sobriety.  On cross-examination, the defendant agreed she absconded every time she had the opportunity.

Nancy Henson, the defendant's mother, testified she was very ill, and the defendant left the Hay House to care for her in Knoxville.  Although Ms. Henson did not

---

[1] The defendant also pled guilty to violation of the child restraint law, DUI accompanied by a child under the age of eighteen, and attempted child abuse and neglect.  Those convictions and sentences are not part of the present appeal.

[2] At the revocation hearing, the trial court noted the defendant's sentence was enhanced to five years on November 17, 2017.  However, the judgment forms included in the record reflect an effective sentence of five years, six months.

- 2 -

have anyone to help her around the house at the time the defendant left the Hay House, Ms. Henson testified a nurse now comes to her home to assist her. Ms. Henson described the defendant as "caring" and "loving" but stated the defendant's behavior was "different on drugs." On cross-examination, Ms. Henson agreed she did not call the Hay House or the defendant's probation officer to alert them of the defendant's whereabouts.

At the conclusion of the revocation hearing, the trial court revoked the defendant's community corrections sentence, noting the defendant had "one of the worst [histories of probation violations the trial court had] ever seen." As such, the trial court increased the defendant's sentence to eight years to be served in the Tennessee Department of Correction. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court abused its discretion in revoking her community corrections sentence. Although the defendant admits to violating the terms of her community corrections sentence, she asserts the trial court did not "attempt to address the underlying problem of [the defendant's] persistent drug use." The State contends the trial court properly exercised its discretion in revoking the defendant's community corrections sentence.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures contained in Tennessee Code Annotated § 40-35-311 to the revocation of a community corrections sentence). Proof of a violation must be sufficient to allow the trial court "to make a conscientious and intelligent judgment." *Id.* at 82. To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *Harkins,* 811 S.W.2d at 82).

Based on our review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of her community corrections sentence. In considering the revocation, the trial court made the following findings:

> What I have to figure out is [the defendant] genuinely ready to change and accept treatment or is she just trying to get out of jail again so she can get back down to Knoxville and two things that she said during her testimony give me the answer. . . . Number one, when she was talking about her, one

of her prior absconding where she didn't report to the Hay House at all, she said that the man from Hay House came and told her that she could go home. I don't believe that. I don't believe that at all. Then she testified about being on her psychotropic medications and how that helped her stay away from drugs and it came out during the cross[-]examination that one of the times that she absconded, and actually it was this time, when she absconded she had been allowed to go from the Hay House to a Frontier Health appointment and Frontier Health is our local psychiatric provider for inmates at the Hay House so she was going there and that's when she absconded and went to Knoxville. And then she testified that while she was in Knoxville she was talking about her relapse and she completely and totally minimized and justified why she used drugs again after being clean for a period of time[,] and when I put all those things together along with her history of failed attempts at supervision I believe that [the defendant] is just trying to get out of jail so she can get back to Knoxville. In working with the drug court and recovery court in this population you can get a sense for, by the things that they say about their addiction, what their relationship still is with their addiction and I think she still has a relationship with her addiction. I think she still, at the very least romanticizes that lifestyle, and because of that she does not strike me that she's ready to receive treatment.

The trial court did consider the potential of the defendant successfully completing a drug treatment program and determined it would not be successful at this time based on the defendant's testimony at the revocation hearing. The defendant is not entitled to relief on this issue.

At the conclusion of the revocation hearing, the trial court re-sentenced the defendant and increased her sentence from five years, six months to eight years, stating, "Based on the proof that I've heard, upon her failed attempts at both probation and community corrections[,] the court is of the opinion that her sentence should be increased to . . . eight years." However, the trial court failed to address any sentencing considerations, including applicable enhancement or mitigating factors. Following the revocation of a community corrections sentence, the trial court may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4). If the trial court chooses to "resentence a defendant to a sentence more severe than the original, the trial court must conduct a sentencing hearing pursuant to the principles of the Sentencing Reform Act." State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998) (citations omitted). The trial court must state on the record

"specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). Here, the trial court failed to conduct a sentencing hearing prior to increasing the defendant's sentence from five years, six months to eight years. Accordingly, we reverse the defendant's sentence and remand the matter to the trial court for a new sentencing hearing.

### *Conclusion*

Based on the foregoing authorities and reasoning, we remand this matter for a new sentencing hearing. In all other respects, the judgment of the trial court is affirmed.


_____

J. ROSS DYER, JUDGE