# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 7, 2011

## STATE OF TENNESSEE v. RICHARD PAUL BRADY

### Direct Appeal from the Circuit Court for Montgomery County
### No. 40800737, 40801122     John H. Gasaway, III, Judge

### No. M2010-02660-CCA-R3-CD - Filed December 21, 2011

The Defendant, Richard Paul Brady, pled guilty to burglary, a Class D felony, and aggravated assault, a Class C felony. The trial court sentenced the Defendant, as a multiple offender, to concurrent terms of four years for the burglary conviction and eight years for the aggravated assault conviction, to be served in community corrections after service of one year in the workhouse. A violation warrant was issued, and, after a hearing, the trial court revoked the Defendant's community correction sentence, finding that he had violated the terms of his sentence and ordered him to serve his original sentence in confinement. On appeal, the Defendant contends the trial court abused its discretion by revoking his community corrections sentence and ordering him to serve the balance of his sentence in prison. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ, joined .

Roger E. Nell (on appeal) and Charles S. Bloodworth, Sr. (at hearing), Clarksville, Tennessee, for the appellant, Richard Paul Brady.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

According to the trial court's recitation of the background and procedural history of the Defendant's cases, on December 11, 2008, the Defendant pled guilty to burglary and received a four-year sentence as a Range II offender, to be served in community corrections. On that same date, the Defendant pled guilty to aggravated assault, and was sentenced as a Range II offender to serve eight years, concurrently with the sentence for burglary. The eight-year sentence for aggravated assault, however, was to be served as split confinement of one year in the county jail followed by seven years in community corrections.[1]

Shortly after being released from confinement, a violation warrant was issued, the Defendant admitted he was in violation, and the trial court restructured the sentences such that they were ordered to be served consecutively rather than concurrently. The trial court placed the Defendant back into the community corrections program to serve an effective twelve-year sentence.

Thereafter, another violation warrant was issued on the basis of the Defendant's failure to report to his community corrections supervisor. The Defendant admitted this violation, and requested that he be placed back in community corrections, after being held in jail seventy-four days pending the hearing on the violation warrant. The trial court denied the Defendant's request, revoked the community corrections sentence, and ordered the effective sentence of twelve years to be served in the Department of Correction, with statutorily mandated credits for time served. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends that the trial court erred when it revoked his community corrections sentence and ordered him to serve his twelve-year sentence in the Department of Correction. The State responds that the trial court properly revoked the Defendant's community corrections sentence. We agree with the State.

A trial court may revoke a defendant's community corrections sentence based on the defendant's non-compliance with the conditions of the community-based program. T.C.A. § 40-36-106(e)(3)-(4) (2006). Such a decision is within the trial court's discretion, and this court will not disturb a trial court's revocation judgment unless there is "no substantial evidence" that a "violation of the conditions of [the community corrections program] has occurred. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978) and *State v. Delp*, 614, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)) (adopting the probation violations standard for a community corrections program violation due to the sentences' similar nature). In other words, the trial

court must find proof of a community corrections violation by a preponderance of the evidence. T.C.A. § 40-35-311(e) (2006); *State v. Joe Allen Brown*, No. W2007-00693-CCA-R3-CD, 2007 WL 4462990, at *4 (Tenn. Crim. App., at Jackson, Dec. 20, 2007), *no Tenn. R. App. P. 11 application filed*. We note that "only one basis for revocation is necessary," and a defendant's admission that he violated the conditions of his release to the community corrections programs is sufficient evidence for such a revocation. *Brown*, 2007 WL 4462990, at *4 (quoting *State v. Alonzo Chatman*, No. E2000-03123-CCA-R3-CD, 2001 WL 1173895, at *2 (Tenn. Crim. App., at Knoxville, Oct. 5, 2001), *no Tenn. R. App. P. 11 application filed*) (citing *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999)).

If the trial court revokes the defendant's community corrections sentence, then it may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). The Supreme Court has said that "the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society." *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Moreover, a "defendant sentenced under the [Community Corrections Act] has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed." *Id*. When the trial court chooses to resentence a defendant to a more severe sentence, however, it may only do so after conducting a new sentencing hearing in accordance with the Sentencing Act of 1989. *State v. Crook*, 2 S.W.3d 238, 240 (Tenn. Crim. App.1998). The trial court may not arbitrarily increase the length of the sentence and must state on the record the reasons for the new sentence. *State v. Ervin*, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996).

In the present case, the trial court made the following findings when it revoked the Defendant's probation:

> When Judge Jones restructured these sentences from an effective eight year sentence to a 12 year sentence on January 19th of 2010, . . . and reinstated [the Defendant] to community correction, a reasonable person would have considered that to be [] at a minimum a second chance, and would have understood that the consequences of then violating the terms and conditions of the community correction would likely be confinement. Despite that [the Defendant] did not report as ordered, virtually from the day he was in court; and his explanation is just insufficient to convince this Court that if given another chance he would likely comply. So the

Court is ordering him to satisfy the sentences in confinement at the Department of Correction.

In this case, the record supports the trial court's finding that the Defendant violated the terms of his community corrections sentence. In the only proof offered at the violation of community corrections hearing, the Defendant testified that he failed to report to his probation officer. Thus the evidence supports the trial court's finding that the Defendant failed to report which was a condition of his community correction sentence. The record therefore establishes that the Defendant failed to comply with the terms of his sentence. As such, we conclude that the trial court's revocation of the Defendant's community corrections sentence was not an abuse of discretion. Also, it was appropriate for the trial court to order the Defendant to serve his entire remaining sentence by incarceration. The Defendant is not entitled to relief.

The State requests that this Court remand this case for a sentencing hearing because the trial court did not hold a hearing when it restructured the Defendant's sentence. Based upon our review of the record before us, the Defendant appeared on the first violation on January 19, 2010, waived his right to a hearing and admitted that he was in violation. The trial court found him in violation, restructured his sentence from concurrent sentencing to consecutive sentencing, and reinstated the Defendant to community corrections. The trial court entered an order on January 27, 2010 reflecting the change to the Defendant's sentence of concurrent sentences to consecutive sentences. The Defendant did not appeal this change to his sentence at the appropriate time or even now in his current appeal. We choose in this case to review only the issue which is before us and properly raised by the Defendant. That issue is whether the evidence in the record preponderated against the trial court's finding that the Defendant violated the conditions of his community corrections sentence, and whether the trial court erred by ordering the sentence to be served by incarceration.

### III. Conclusion

Based on the foregoing reasoning and authorities, we conclude the trial court properly revoked the Defendant's community corrections sentence and ordered the remainder of the sentence to be served by incarceration. As such, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE