IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

## STATE OF TENNESSEE v. RONNIE WALLS

**Appeal from the Circuit Court for Moore County**
**No. 2012-CR-1248  Forest A. Durard, Jr., Judge**

_____

### No. M2018-00903-CCA-R3-CD

_____

The Petitioner, Ronnie Walls, appeals from the Moore County Circuit Court's denial of his pro se motion to correct an illegal sentence.[1]  In March 2013, the Petitioner entered guilty pleas to conspiracy to introduce contraband into a penal institution and attempt to introduce contraband into a penal institution and was sentenced as a Range II, multiple offender to concurrent terms of six years, with the balance to be served on community corrections after four months imprisonment.  This sentence was ordered to be served consecutively to all unexpired sentences.  In August 2014, a warrant was issued alleging the Petitioner violated his community corrections sentence.  He later agreed that he had failed to comply with the terms of his community corrections sentence based upon a new arrest and other violations.  On October 31, 2014, he entered a guilty plea to the community corrections violation and agreed to a two-year increase in his sentence.  Nearly three years later, the Petitioner filed a pro se motion to correct an illegal sentence, claiming that he is entitled to relief pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure because the trial court that accepted his guilty plea for his community corrections violation failed to advise him during the plea colloquy that he was entitled to a new sentencing hearing.  The trial court denied relief, finding that the Petitioner failed to state a cognizable claim.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender; Dorothy D. Buck, Assistant Public Defender, for the Defendant-Appellant, Ronnie Dewayne Walls.

_____

[1] Although the Petitioner filed a pro se motion to correct an illegal sentence, he was subsequently appointed counsel who represented him at the hearing.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and Holly Eubanks, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record shows that a hearing was conducted on October 31, 2014, which encompassed the community corrections violation and the Petitioner's guilty plea to the same. At the top of the hearing, the trial court engaged in extensive questioning of the Petitioner and ensured that he was aware of the rights he had during the proceedings, the rights he was waiving should his guilty plea be accepted, and the burden of proof should he go forward with the hearing. The Petitioner acknowledged that he understood. During the colloquy, the Petitioner conceded that he entered a guilty plea to a new charge of criminal impersonation while on community corrections. The court then asked, "Okay. Now, is it your understanding that you agree to a resentencing of your case of eight years at 35 percent with 330 days credit; is that correct?" The Petitioner replied, "Yes." The Petitioner further agreed that it was his intent to plead guilty. The trial court then engaged in a litany of questions to determine if entry of the guilty plea was the Petitioner's "free and voluntary act." The Petitioner assured the court that no one had promised or threatened him anything and that he was acting of his own free will. Asked if he had any questions, the Petitioner replied, "No, sir." The trial court accepted the Petitioner's plea and entered an order revoking his community corrections along with an amended judgment resentencing him to eight years' imprisonment.

On September 5, 2017, the Petitioner filed a pro se motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure alleging that the trial court failed to give him proper jail credits for time he served while on community corrections.[2] Following the State's written response, on November 15, 2017, the Petitioner filed a pro se, handwritten "Amended Motion to Correct Illegal Sentence" urging the court to review his jail credits specifically related to his six-year sentence. The public defender's office was subsequently appointed to represent the Petitioner. On December 17, 2017, the Petitioner filed another pro se Rule 36.1 motion alleging that the trial court "erred when it resentenced him to the eight (8) year sentence" and "abused its discretion when it applied incorrect legal standards, sentencing [the Defendant] from a six (6) year sentence to an eight (8) year sentence without conducting a sentencing hearing."

At the December 21, 2017 motion hearing, defense counsel addressed the Petitioner's primary issue and explained that the Petitioner's sentence was illegal because

---

[2] The Petitioner abandoned this issue before the trial court, and it is not included in this appeal.

the trial court resentenced him, based on a negotiated plea, without conducting a sentencing hearing. The Petitioner did not contest the eight-year sentence imposed by the trial court and conceded that it was within the proper statutory range. At the conclusion of arguments, the trial court continued the matter to obtain a transcript of the community corrections violation hearing, and on April 20, 2018, issued a written order denying the Petitioner relief. The order provided, in pertinent part, as follows:

> [The Petitioner] relies upon State v. Samuel, 44 S.W.3d 489, 491 (Tenn. 2001) for the proposition a resentencing hearing must be held. This reliance is misplaced. Had there been no agreed upon sentence, the [Petitioner] would be correct. However, as part of a plea acceptance, the [Petitioner] could agree to a specific sentence and, thereby, remove the necessity of the hearing. This is exactly what happened.
>
> [The Petitioner] was free to voluntarily, knowingly and intelligently enter into an agreed disposition of his Community Corrections violation . . . . Defendants may agree for purposes of plea bargaining to mix and match ranges and percentages provided the offense is statutory eligible. . . . Consequently, a defendant would also be free to enter into an agreement in their actual range as well. . . . [Petitioner's] sentence herein was eligible and was within the range he originally pled. Having determined the [Petitioner's] assertions are without merit, the Rule 36.1 petition is hereby dismissed.

It is from this order that the Petitioner timely appeals.


## ANALYSIS

The Petitioner seeks relief under Rule 36.1 based upon State v. Samuels, 44 S.W.3d 489 (Tenn. 2001), arguing that the trial court erred in failing to "adequately advise inform him of the rights he was giving up without a sentencing hearing," and failing to conduct "a short hearing to determine if the defendant was aware of the rights he was waiving." In response, the State contends that this issue is waived for failure to raise it before the trial court. Waiver notwithstanding, the State maintains that the trial court properly dismissed the petition because it failed to state a cognizable claim for relief. We decline waiver of this issue because the Petitioner's pro se Rule 36.1 motion alleged that the trial court improperly resentenced him to eight years' imprisonment without conducting a sentencing hearing. Although the precise issue was not articulated in the record below, the trial court sufficiently addressed it for our review. In all other respects, we agree with the State.

Rule 36.1 allows a defendant or the State to seek the correction of an unexpired illegal sentence. See Tenn. R. Crim. P. 36.1(a)(1); State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). For the purposes of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, the defendant must establish a colorable claim that the sentence is illegal. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). The determination of whether a Rule 36.1 motion states a colorable claim is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

A brief review of the law applicable to community corrections sentencing is also helpful in placing this issue in context. A trial court has the power, upon revocation of a community corrections sentence, to resentence a defendant to a period of incarceration up to the maximum for the offense originally committed. Tenn. Code Ann. § 40-36-106(e)(4). In State v. Samuels, the Tennessee Supreme Court addressed the issue of "predetermined sentencing" or the practice of setting an increased sentence, pursuant to a plea agreement, that will be imposed if the defendant subsequently violates community corrections. See, e.g., State v. Crook, 2 S.W.3d 238, 241 (Tenn. Crim. App. 1999); State v. Roberts, No. M2002-00806-CCA-R3-CD, 2003 WL 1233778, at *2 (Tenn. Crim. App. Mar. 18, 2003). The Court in Samuels observed that when a court resentences a defendant after violation of the conditions of community corrections, it must conduct a new sentencing hearing under the Criminal Sentencing Reform Act. 44 S.W.3d at 494. This includes the requirement that the trial court make specific findings as set forth in the Act. The trial court in Samuels had warned the defendant at the time of sentencing that he would "probably" get an increased eight-year sentence if he violated the terms of community corrections. Id. at 493. The defendant's community corrections sentence was eventually revoked, and he received the eight-year sentence. He appealed, arguing that the sentence was arbitrarily imposed. Because the trial court conducted a proper resentencing hearing, made extensive findings on enhancement and mitigating factors, our supreme court upheld the sentence. Id. at 494.

A formal sentencing hearing or a revocation hearing, however, is not required when a defendant concedes that he violated the terms of the community corrections sentence and elects to accept, knowingly and voluntarily, an increased sentence by agreement with the State. George T. McClain v. State, No. M2009-02244-CCA-R3-PC, 2011 WL 303269, at *3 (Tenn. Crim. App. Jan. 26, 2011) (citing State v. Joe W. France, No. E2003-01293-CCA-R3-CD, Jefferson County, slip op. at 4 (Tenn. Crim. App. July

19, 2004) and <u>State v. Mahler</u>, 735 S.W.2d 226 (Tenn. 1987)); <u>see</u> <u>also</u> Tenn. Code Ann. §§ 40-35-203(b), -205(d) (dispensing with the sentencing hearing when the district attorney general and the defendant agree upon a sentence which is accepted by the trial court).

As an initial matter, Rule 36.1 seeks to provide a mechanism to correct "an illegal sentence . . . not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1. It is not the proper vehicle to collaterally attack a guilty plea as the Petitioner suggests, <u>see</u> <u>Carpenter v. State</u>, 136 S.W.3d 608, 609 (Tenn. 2004), and we can dismiss this appeal on that ground alone. Nevertheless, the record clearly shows that the violation of community corrections hearing and the guilty plea hearing were collapsed into one colloquy. Upon extensive examination by the trial court, the Petitioner acknowledged the rights he was waiving upon entering the plea. He further acknowledged his intent to accept the negotiated plea agreement, which increased his community corrections sentence from six to eight years. The record demonstrates the Petitioner entered a knowing and voluntary plea to the revocation of his community corrections. Accordingly, we agree with the trial court, and conclude that the Petitioner has failed to state a colorable claim for relief under Rule 36.1. He is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE